**KELLEY DRYE & WARREN LLP**
  Miles M. Cooley (State Bar No. 206783)
10100 Santa Monica Boulevard, 23rd Floor
Los Angeles, CA 90067-4008
Telephone:   (310) 712-6100
Facsimile:    (310) 712-6199
mcooley@kelleydrye.com
Attorneys for Defendants The Häagen-Dazs
Shoppe Company, Inc., Nestlé Dreyer's Ice
Cream Company, and Nestlé USA, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELANIE G. SAN PEDRO-SALCEDO, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE HAAGEN-DAZS SHOPPE COMPANY, INC., a New Jersey corporation; NESTLÉ DREYER'S ICE CREAM COMPANY, a Delaware corporation; NESTLÉ USA, INC., a Delaware corporation; and DOES 1 through 50,<br><br>Defendants. | Case No.<br><br>**DEFENDANTS THE HÄAGEN - DAZS SHOPPE COMPANY, INC., NESTLE DREYER'S ICE CREAM COMPANY, AND NESTLE USA, INC.'S NOTICE OF REMOVAL**<br><br><br>Action Filed:   May 18, 2017<br>Trial Date:    None Set |

4842-2319-5210v.1

## NOTICE OF REMOVAL

Defendants the Häagen-Dazs Shoppe Company, Inc., Nestlé Dreyer's Ice Cream Company, and Nestlé USA, Inc. (collectively, "Defendants") respectfully file this Notice of Removal pursuant to 28 U.S.C. § 1441(a), removing the above-captioned action (the "Action") from the Superior Court of the County of Santa Clara (the "Santa Clara Superior Court") to the United States District Court for the Northern District of California, on the following grounds:

### I.   INTRODUCTION

1.   This Action was commenced by plaintiff Melanie G. San Pedro-Salcedo ("Plaintiff") on May 18, 2017, by the filing of the Class Action Complaint (the "Complaint") in *Melanie G. San Pedro-Salcedo v. The Häagen-Dazs Shoppe Company, et al.*, Case No. 17CV310563, in the Santa Clara Superior Court.  True and correct copies of the Complaint, the Summons, and Civil Coversheet, which consist of all pleadings or orders served upon Defendants, are attached to this Notice of Removal as "Exhibit A," as required by 28 U.S.C. § 1446(a).

2.   The Complaint alleges that "Defendant has violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the 'TCPA'), through its unwanted contact of consumers on the consumers' respective cellular telephones."  Compl. ¶ 2.

3.   Defendants were each served with the Complaint on May 23, 2017.

4.   Promptly after filing this Notice of Removal, Defendants will give written notice of the removal to Plaintiff through her attorneys of record in the Action, as well as to the Clerk of the Santa Clara Superior Court, as required by 28 U.S.C. § 1446(d).

/ / /

/ / /

/ / /

/ / /

5.      The Action properly may be removed to the United States District Court for the Northern District of California based upon the presence of a federal question pursuant to 28 U.S.C. § 1331.

6.      No admission of fact, law, liability, or damages is intended by this Notice of Removal, and all defenses, affirmative defenses, objections, and motions hereby are reserved.  Defendants do not waive, and expressly reserve, all rights to challenge the propriety of certification under the applicable rules.

**II.     THE NOTICE OF REMOVAL IS TIMELY.**

7.      In accordance with 28 U.S.C. § 1446(b), Defendants are timely filing this Notice of Removal within the 30-day from service removal period.  The "thirty-day period . . . does not begin to run . . . until the defendant has been properly served under state law, or has agreed to waive service of process." *Borchers v. Standard Fire Ins. Co.*, No. C-10-1706 MMC, 2010 WL 2608291, at *2 (N.D. Cal. June 25, 2010).  Plaintiff served Defendants on May 23, 2017.

**III.    THIS COURT HAS ORIGINAL JURISDICTION OVER PLAINTIFF'S FEDERAL QUESTION PURSUANT TO § 1331.**

8.      Federal question jurisdiction exists when an action presents a claim "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

9.      This Court has original jurisdiction over the Action because Plaintiff's claims arise under the TCPA, a federal statute.  While "federal and state courts have concurrent jurisdiction over private suits arising under the TCPA, *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 745 (2012), "[n]othing in the text, structure, purpose, or legislative history of the TCPA calls for displacement of the federal question jurisdiction U.S. district courts ordinarily have under 28 U.S.C. § 1331," *id.* at 753.

/ / /

/ / /

1    10.    Accordingly, removal of this action is proper on the sole basis that,

2    pursuant to 28 U.S.C. § 1331, this Court has federal question jurisdiction over

3    Plaintiff's claims.

4    **IV.    <u>CONCLUSION</u>**

5    11.    WHEREFORE, having provided notice as required by law, the above-

6    entitled action should be removed from the Santa Clara Superior Court.

7

8    DATED: June 16. 2017                     KELLEY DRYE & WARREN LLP
                                              Miles M. Cooley
9

10                                            By:   /S/ Miles M. Cooley
                                                    
11                                            Miles M. Cooley
                                              Attorneys for Defendants The
12                                            Häagen-Dazs Shoppe Company, Inc.,
                                              Nestlé Dreyer's Ice Cream Company,
13                                            and Nestlé USA, Inc.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4842-2319-5210v.1

**EXHIBIT A**

**EXHIBIT A**

 CT Corporation

**Service of Process Transmittal**
05/23/2017
CT Log Number 531279567

TO:    Douglas Besman, Attorney
       Nestle USA, Inc.
       30003 Bainbridge Rd
       Solon, OH 44139-2290

RE:    **Process Served in California**

FOR:   The Haagen-Dazs Shoppe Company, Inc.   (Domestic State: NJ)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Pedro-Salcedo, Pltf. vs. Haagen Dazs Shoppe Company, Inc., et al., Dfts. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Summon, Attachment(s), Complaint |
| **COURT/AGENCY:** | Santa Clara County - Superior Court, CA Case # 17CV310563 |
| **NATURE OF ACTION:** | Plaintiff brings this action against defendants according to and to remedy defendants' Violation of the Telephone Consumer Protection Act |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 05/23/2017 at 13:00 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days |
| **ATTORNEY(S) / SENDER(S):** | Michael J. Jaurigue JAURIGUE LAW GROUP 114 North Brand Boulevard, Suite 200 Glendale, CA 91203 (818) 630-7280 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 05/23/2017, Expected Purge Date: 05/28/2017

Image SOP

Email Notification,  Douglas Besman  Douglas.Besman@us.nestle.com

Email Notification,  Diane Hughes  diane.hughes@us.nestle.com

Email Notification,  Douglas Keaton  douglas.keaton@us.nestle.com

Email Notification,  Princeton Kim  Princeton.Kim@us.nestle.com

Email Notification,  David Herman  david.herman@us.nestle.com

Email Notification,  Daniel Nugent  daniel.nugent@us.nestle.com |
| **SIGNED:** | C T Corporation System |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

 CT Corporation

**Service of Process Transmittal**
05/23/2017
CT Log Number 531279567

TO:     Douglas Besman, Attorney
        Nestle USA, Inc.
        30003 Bainbridge Rd
        Solon, OH 44139-2290

RE:     **Process Served in California**

FOR:    The Haagen-Dazs Shoppe Company, Inc.   (Domestic State: NJ)

ADDRESS:             818 West Seventh Street
                     Los Angeles, CA 90017
TELEPHONE:           213-337-4615

Page 2 of  2 / NK

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

5-23-17
SUM-100

## SUMMONS
### *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

[See Attachment]

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MELANIE G. SAN PEDRO-SALCEDO, as an individual and on behalf of all others similarly situated,

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

E-FILED
5/18/2017 3:34:58 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
17CV310563
Reviewed By:R. Walker

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* Santa Clara Superior Court | CASE NUMBER: *(Número del Caso):* **17CV310563** |
| --- | --- |

191 North First Street
San Jose, CA 95113

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael J. Jaurigue, Jaurigue Law Group, 114 N. Brand Blvd., Ste. 200, Glendale, CA 91203, tel.818.630.7280

| DATE: *(Fecha)* 05/18/2017 | **Clerk of Court** | Clerk, by *(Secretario)* | **R. Walker** | , Deputy *(Adjunto)* |
| --- | --- | --- | --- | --- |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*



[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* THE HAAGEN-DAZS SHOPPE COMPANY, INC.

under: ☑ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
        ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
        ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
        ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 5-23-17

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Pedro-Salcedo v. Haagen Dazs Shoppe Company, Inc. et al. | |

### INSTRUCTIONS FOR USE

➜ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
➜ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties
Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

☐ Plaintiff      ☑ Defendant      ☐ Cross-Complainant      ☐ Cross-Defendant

THE HAAGEN-DAZS SHOPPE COMPANY, INC., a New Jersey corporation; NESTLE DREYER'S ICE
CREAM COMPANY, a Delaware corporation; NESTLE USA, INC., a Delaware corporation; and DOES 1
through 50,

Page __1__ of __1__

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| JAURIGUE LAW GROUP<br>Michael Jaurigue (SBN 208123); Abigail A. Zelenski (SBN 228610);<br>David Zelenski(SBN231768);Sehreen Ladak (SBN307895);Ryan Stubbe (SBN289074)<br>114 N. Brand Blvd., Ste. 200, Glendale, CA 91203<br>TELEPHONE NO.: 818-630-7280   FAX NO.: 888-879-1697<br>ATTORNEY FOR (Name): Plaintiff Melanie G. Pedro-Salcedo | E-FILED<br>5/18/2017 3:34:58 PM<br>Clerk of Court<br>Superior Court of CA,<br>County of Santa Clara<br>17CV310563<br>Reviewed By:R. Walker |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara
STREET ADDRESS: 191 North First Street
MAILING ADDRESS: 191 North First Street
CITY AND ZIP CODE: San Jose CA 95113
BRANCH NAME: Old Courthouse

CASE NAME:
Pedro-Salcedo v. Haagen Dazs Shoppe Company, Inc. et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 17CV310563 |
|---|---|---|
| [✓] Unlimited   [ ] Limited<br>(Amount         (Amount<br>demanded        demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE: Hon. Thomas E. Kuhnle<br>DEPT: 5 - Complex Civil Litigation |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[✓] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [✓] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties      d. [ ] Large number of witnesses
   b. [✓] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts
          issues that will be time-consuming to resolve              in other counties, states, or countries, or in a federal court
   c. [✓] Substantial amount of documentary evidence        f. [✓] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.[✓] monetary   b.[ ] nonmonetary; declaratory or injunctive relief   c.[ ] punitive
4. Number of causes of action (specify): 1-Violation of TCPA-47 U.S.C. 227(b)(1)(A)
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: May 17, 2017
Ryan Stubbe, Jaurigue Law Group                              ▶
_____                              _____
(TYPE OR PRINT NAME)                                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

JAURIGUE LAW GROUP
Michael J. Jaurigue (SBN 208123)
  michael@jlglawyers.com
Abigail A. Zelenski (SBN 228610)
  abigail@jlglawyers.com
David Zelenski (SBN 231768)
  david@jlglawyers.com
Sehreen Ladak (SBN 307895)
  sehreen@jlglawyers.com
Ryan Stubbe (289074)
  ryan@jlglawyers.com
114 North Brand Boulevard, Suite 200
Glendale, California 91203
Telephone:  (818) 630-7280
Facsimile:  (888) 879-1697

*Attorneys for Plaintiff*

E-FILED
5/18/2017 3:34:58 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
17CV310563
Reviewed By:R. Walker

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SANTA CLARA

**17CV310563**

| | |
|---|---|
| MELANIE G. SAN PEDRO-SALCEDO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE HAAGEN-DAZS SHOPPE COMPANY, INC., a New Jersey corporation; NESTLE DREYER'S ICE CREAM COMPANY, a Delaware corporation; NESTLE USA, INC., a Delaware corporation; and DOES 1 through 50,<br><br>Defendants. | Case No.<br><br>**CLASS-ACTION COMPLAINT**<br><br>Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227<br><br>**DEMAND FOR JURY TRIAL** |

*INTRODUCTION*

1.     Plaintiff MELANIE G. PEDRO-SALCEDO brings this class action on behalf of herself and all others similarly situated against Defendants HAAGEN-DAZS SHOPPE COMPANY, INC. ("Haagen-Dazs"), a New Jersey corporation; NESTLE DREYER'S ICE CREAM COMPANY ("Dreyers"), a Delaware corporation; NESTLE USA, INC. ("Nestle USA"), a Delaware corporation; and DOES 1 through 50 pursuant to section 382 of the California Code of Civil Procedure.

2.     As alleged below, Defendants have violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, through their unauthorized contact of consumers on the consumers' respective cellular telephones.  Specifically, Defendants have violated the TCPA by sending unsolicited text messages without prior express written consent, invading the consumers' right to privacy.

3.     Pursuant to 47 U.S.C. § 227(b)(3), Plaintiff and Class Members are entitled to, *inter alia*, statutory damages and injunctive relief for Defendants' violations.

*JURISDICTION AND VENUE*

4.     *Jurisdiction*.  Federal and state courts have concurrent jurisdiction over suits arising under the TCPA.  See Mims v. Arrow Fin. Servs., LLC, 132 S. Ct. 740, 745 (2012).  This Court therefore has subject-matter jurisdiction over Plaintiff's cause of action.  Furthermore, this Court has personal jurisdiction over Defendants because, as alleged below, they have purposefully availed themselves of the resources and protections of California, and conduct business and have systematic contacts within the County of Santa Clara, State of California.

5.     *Venue*.  As alleged more particularly below, venue is proper in the County of Santa Clara in accordance with section 395(a) of the California Code of Civil Procedure because the events, omissions, or injuries giving rise to Plaintiff's cause of action against Defendants occurred within the County of Santa Clara, State of California.

*PARTIES*

6.     Plaintiff is, and at all times relevant to this action was, a California resident of the County of Santa Clara.  She is, and at all times relevant to this action was, a "person" as defined under 47 U.S.C. § 153.

7.     Plaintiff is informed and believes, and based thereon alleges, that Defendant Haagen-

Dazs is New Jersey corporation with a principal place of business located at 500 Washington Street South, Minneapolis, Minnesota 55415. Plaintiff is further informed and believes, and based thereon alleges, that Haagen-Dazs is, and at all times relevant to this action was, a "person" as defined under 47 U.S.C. § 153.

8.    Plaintiff is informed and believes, and based thereon alleges, that Defendant Dreyers is a Delaware corporation with its principal place of business located at 5929 College Avenue, Oakland, California 90017. Plaintiff is further informed and believes, and based thereon alleges, that Dreyers is, and at all times relevant to this action was, a "person" as defined under 47 U.S.C. § 153.

9.    Plaintiff is informed and believes, and based thereon alleges, that Defendant Nestle USA is a Delaware corporation with its principal place of business located at 800 North Brand Boulevard, Glendale, California 91203. Plaintiff is further informed and believes, and based thereon alleges, that Nestle Holdings is, and at all times relevant to this action was, a "person" as defined under 47 U.S.C. § 153.

10.    Plaintiff is ignorant of the true names and capacities of Defendants DOES 1 through 50, and she therefore sues them under those fictitious names pursuant to section 474 of the Code of Civil Procedure. Plaintiff is informed and believes, and based thereon alleges, that each of the acts and omissions alleged herein was performed by, or is attributable to, Haagen-Dazs, Dreyers, Nestle Holdings, Nestle USA, and DOES 1 through 50, with each acting as the agent for the others, with each having the legal authority to act on the others' behalves, and with each ratifying every act or omission complained of herein. Plaintiff is further informed and believes, and based thereon alleges, that each Defendant is in some manner intentionally, negligently, or otherwise responsible for the acts and omissions of the other Defendants in proximately causing the damages alleged. Similarly, Plaintiff is informed and believes, and based thereon alleges, that the acts and omissions of each Defendant were in accordance with, and represent, the official policy and practice of all Defendants. Plaintiff will amend the Complaint to allege the true names and capacities of DOES 1 through 50 when such names and capacities have been ascertained.

### GENERAL ALLEGATIONS

11.    Plaintiff is informed and believes, and based thereon alleges, that Haagen-Dazs has

established an international ice-cream brand with hundreds of brick-and-mortar shops in the United

States. Haagen-Dazs has established its brand through ongoing marketing and promotional campaigns.

12.     Plaintiff is informed and believes, and based thereon alleges, that Haagen-Dazs is wholly

owned by, or affiliated with, Dreyers for the purpose of carrying out Dreyers' business operations in the

United States. Plaintiff is further informed and believes, and based thereon alleges, that Nestle USA is

part of a group of companies that, together with Haagen-Dazs and Dreyers, markets Haagen-Dazs

throughout the United States.

13.     On or about April 22, 2017, Plaintiff visited a Haagen-Dazs store in San Jose, California.

The Haagen-Dazs cashier orally asked Plaintiff if she would like to enroll in a rewards program for

discounts on future purchases. The cashier then asked for Plaintiff's telephone number, which Plaintiff

provided orally.

14.     Thereafter on April 22, 2017, Plaintiff received a text message from Defendants on her

cellular telephone (telephone number (650) xxx-9255) stating: "Thank you for joining Haagen-Dazs

Rewards! Download our app here:." The text message contained a link to download a mobile-device

application, or "app."

15.     The app referenced in paragraph 14 is an app of Defendants, available for download on

iPhone and Android devices, that can be used to locate Haagen-Dazs locations, place orders online, and

get offers and coupons. By encouraging the use of the app, the text message sent to Plaintiff constitutes

telemarketing or advertising. As is apparent from the content of the text message referenced in

paragraph 14, it was sent without an emergency purpose; instead, it advertises Defendants' mobile-

device app.

16.     Plaintiff had never given any signed authorization to anyone expressly permitting

Defendants, or anyone acting on any of their respective behalves, to use her cellular-telephone number

for telemarketing or advertising purposes.

17.     The 650 area-code prefix for Plaintiff's cellular-telephone number is associated with

Santa Clara County, California.

18.     Plaintiff's cellular-telephone number is linked to a subscription plan under which she is

charged each month for cellular-telephone and data services.

3

19. Plaintiff is informed and believes, and based thereon alleges, that the text message referenced in paragraph 14 was sent by Defendants, and that Defendants controlled and were responsible for both the content and delivery of the messages; alternatively, the message was sent by at least one of the Defendants acting at the direction of the other Defendants to send the messages or to generally conduct promotional activities, with the other Defendants' full knowledge and consent, and to the benefit of all Defendants.

20. Plaintiff is informed and believes, and based thereon alleges, that her cellular-telephone number was entered into a database and that Defendants used equipment capable of storing and/or producing telephone numbers, as well as capable of dialing such numbers, to send the above-referenced text message to Plaintiff.

21. Plaintiff is informed and believes, and based thereon alleges, that Defendants, working together pursuant to the arrangement alleged in paragraph 19, sent the above-referenced text message, as well as thousands of similar text messages, *en masse* to the cellular telephones of members of the general public using the equipment referenced in paragraph 20. Plaintiff is further informed and believes, and based thereon alleges, that the text messages were sent even though Defendants had never obtained signed authorizations expressly permitting advertising or telemarketing messages from any of the individuals to whom the messages were sent.

## *CLASS-ACTION ALLEGATIONS*

22. Plaintiff seeks to represent the following Class under section 382 of the Code of Civil Procedure: All persons throughout the United States who, since October 16, 2013, received at least one text message from Defendants on their cellular telephones.

23. Plaintiff reserves the right to amend or modify the proposed Class, or to propose subclasses or limitations to particular issues, in response to facts later ascertained.

24. *Numerosity*. The identities of Class Members may be ascertained from Defendants' own business and marketing records, as well as the records of Defendants' telephone provider(s). Joinder of all Class Members would be impracticable due to the sizeable number of such Members and their likely lack of resources to initiate individual claims. Plaintiff estimates that thousands of text messages were sent to well-over the forty individuals required for numerosity purposes. Also, as explained below, the

amount that is owed to any given Class Member under the TCPA is relatively small, making it impractical for them to bring their own individual suits.

25. **Commonality**. There are questions of law and fact that are common to the Class that predominate over any questions affecting only individual Class Members. These common questions include, without limitation:

a) Whether the text messages constitute telemarketing or advertising within the meaning of the TCPA and its regulations;

b) Whether the equipment used to send the text messages constitutes an automatic telephone dialing system within the meaning of the TCPA and its regulations;

c) Whether prior express written consent was required under the TCPA before sending any of the text messages; and

d) Whether the outright failure to obtain prior express written consent to receive the messages constitutes willful and knowing behavior within the meaning of the TCPA and its regulations.

26. **Typicality**. Plaintiff's claims are typical of those of the Class because she received at least one telemarketing or advertising text message on her cellular telephone from Defendants on or after October 16, 2013; she never provided prior express written consent to receive any such messages; and the message was sent using the same equipment used to send text messages to all Class Members on their respective cellular telephones.

27. **Adequacy**. Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff is not aware of any conflicts with Class Members, and she plans on pursuing the litigation vigorously. She also has the same interests as those of the Class, and has retained counsel who are competent and experienced in class-action litigation. In addition, Plaintiff has been actively involved in the litigation, she will continue to participate and be available for the duration of the litigation, and she understand the duties that she holds to the Class.

28. **Superiority**. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Again, the individual joinder of all Class Members is impracticable because of the relatively small recovery amounts at stake and the relative lack of resources available for individual Class Members vis-à-vis the large corporate Defendants. Additionally, the

CLASS-ACTION COMPL.

1  judicial system would be burdened with multiple trials of the same issues, and the potential for

2  inconsistent or contradictory judgments would increase.  The common questions detailed above, in fact,

3  predominate in this action, as Class Members' claims arise out of the same course of conduct to which

4  Plaintiff herself was subject.  A class action therefore would conserve the resources of the parties and

5  the Court while protecting the rights of Class Members.  Defendants' conduct as described above is

6  unlawful, continuing, capable of repetition, and will continue unless restrained and enjoined by the

7  Court.  Moreover, it is a matter of public interest to obtain definitive answers to the legality of

8  Defendants' actions in a single case.

9                            ***FIRST CAUSE OF ACTION***

10                             *Violation of the TCPA*

11                               *47 U.S.C. § 227*

12         29.    Plaintiff re-pleads, re-alleges, and incorporates by reference each and every allegation set

13  forth in this Complaint.

14         30.    The United States Congress enacted the TCPA in order to protect and balance individual

15  privacy rights against legitimate telemarketing practices.  In enacting this statute, Congress found:

16         (1) The use of the telephone to market goods and services to the home and other
17         businesses is now pervasive due to the increased use of cost-effective telemarketing
     techniques.

18         . . . .

19
20         (10) Evidence compiled by the Congress indicates that residential telephone
     subscribers consider automated or prerecorded telephone calls, regardless of the content
21     or the initiator of the message, to be a nuisance and an invasion of privacy.

22         (11) Technologies that might allow consumers to avoid receiving such calls are
     not universally available, are costly, are unlikely to be enforced, or place an inordinate
23     burden on the consumer.

24         (12) Banning such automated or prerecorded telephone calls to the home, except
     when the receiving party consents to receiving the call or when such calls are necessary
25     in an emergency situation affecting the health and safety of the consumer, is the only
     effective means of protecting telephone consumers from this nuisance and privacy
26     invasion.

27  TCPA of 1991, PL 102–243, December 20, 1991, 105 Stat 2394.

28         31.    The TCPA specifically prohibits automated calls or messages to consumers' cellular-

6

CLASS-ACTION COMPL.

1  telephone numbers without first obtaining the express consent or permission of the consumers:

2        It shall be unlawful for any person within the United States, or any person outside
3   the United States if the recipient is within the United States[,] (A) to make any call (other
    than a call made for emergency purposes or made with the prior express consent of the
    called party) using any automatic telephone dialing system or an artificial or prerecorded
4   voice . . . (iii) to any telephone number assigned to a . . . cellular telephone service . . . .

5  47 U.S.C. § 227(b)(1). According to the Ninth Circuit, a text message is a "call" within the meaning of

6  the TCPA. Satterfield v. Simon & Schuster, Inc., 569 F.3d 946, 954 (9th Cir. 2009).

7        32.    Under the relevant regulation, effective October 16, 2013, "prior express consent" as

8  used in subsection (b)(1)(A)(iii) of the TCPA means "prior express *written* consent" for all

9  telemarketing or advertising messages. 47 C.F.R. § 64.1200(a)(2) (emphasis supplied). Such consent

10  must be signed by the consumer; disclose that the consumer authorizes the entity on whose behalf the

11  message is sent to deliver, or cause to be delivered, telemarketing messages by way of an automatic

12  telephone dialing system; and disclose that the consumer is not required to provide consent as a

13  condition of purchasing any goods or services. Id. § 64.1200(f)(8).

14        33.    The foregoing acts and omissions of Defendants constitute a direct violation of the

15  TCPA. Defendants were and are aware of the TCPA and its requirements, and, on information and

16  belief, intentionally violated the law in an effort to maximize the reach of their program. Defendants'

17  violations therefore were willful.

18        34.    The TCPA establishes a private right of action for sending unauthorized messages to

19  consumers:

20        A person or entity may, if otherwise permitted by the laws or rules of court of a
    State, bring in an appropriate court of that State (A) an action based on a violation of this
21  subsection or the regulations prescribed under this subsection to enjoin such violation,
    (B) an action to recover for actual monetary loss from such a violation, or to receive $500
22  in damages for each such violation, whichever is greater, or (C) both such actions. If the
    court finds that the defendant willfully or knowingly violated this subsection or the
23  regulations prescribed under this subsection, the court may, in its discretion, increase the
    amount of the award to an amount equal to not more than 3 times the amount available
24  under subparagraph (B) of this paragraph

25  47 U.S.C. § 227(b)(3). Pursuant to 47 U.S.C. § 227(b)(3)(B), Plaintiff and Class Members are entitled

26  to an award of $500 in statutory damages for each and every text message that they received. Moreover,

27  because Defendants willfully and knowingly violated the TCPA as alleged above, Plaintiff and Class

28  Members are entitled to treble damages. Finally, pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff and

7

1  Class Members are entitled to injunctive relief.

2  <div align="center">**PRAYER FOR RELIEF**</div>

3      **WHEREFORE**, Plaintiff prays for judgment as follows:

4      1.    An order certifying the Class under California Code of Civil Procedure section 382;

5      2.    Judgment in favor of Plaintiff and Class Members for the period of time since October

6  16, 2013, for statutory treble damages against Defendants, as well as for injunctive relief;

7      3.    An award of pre-judgment and post-judgment interest, to the extent allowable by law;

8      4.    An award of attorney's fees and costs of suit, to the extent allowable by law; and

9      5.    Such further relief as the Court deems fit and proper.

10

11  Dated: May 17, 2017

                JAURIGUE LAW GROUP

12

13  Michael J. Jaurigue
Abigail A. Zelenski
David Zelenski
14  Ryan Stubbe
Sehreen Ladak
15  *Attorneys for Plaintiff*

16

<div align="center">**DEMAND FOR JURY TRIAL**</div>

17      Plaintiffs request a trial by jury as to all claims for relief.

18

19

20  Dated: May 17, 2017

                JAURIGUE LAW GROUP

21  Michael J. Jaurigue
Abigail A. Zelenski
22  David Zelenski
Ryan Stubbe
23  Sehreen Ladak
*Attorneys for Plaintiff*

24

25

26

27

28

<div align="center">8</div>
<div align="center">CLASS-ACTION COMPL.</div>

**ATTACHMENT CV-5012**

# CIVIL LAWSUIT NOTICE

CASE NUMBER: **17CV310563** _____

*Superior Court of California, County of Santa Clara*
*191 N. First St., San Jose, CA  95113*

<div style="border:1px solid black">

## READ THIS ENTIRE FORM

</div>

*PLAINTIFFS* (the person(s) suing):  Within 60 days after filing the lawsuit, you must serve each defendant with the *Complaint*, *Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

---

*DEFENDANTS* (The person(s) being sued):  You must do each of the following to protect your rights:

1. You must file a written response to the *Complaint*, in the Clerk's Office of the Court, within 30 days of the date the *Summons* and *Complaint* were served on you;
2. You must send a copy of your written response to the plaintiff; and
3. You must attend the first Case Management Conference.

Warning:  If you do not do these three things, you may automatically lose this case.

---

*RULES AND FORMS:*  You must follow the California Rules of Court (CRC) and the Santa Clara County Superior Court Local Civil Rules and use proper forms.  You can get legal information, view the rules and get forms, free of charge, from the Self-Service Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), or from:

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms:  http://www.sccsuperiorcourt.org/civil/rule1toc.htm
- Rose Printing:  408-293-8177 or becky@rose-printing.com (there is a charge for forms)

For other local legal information, visit the Court's Self-Service website www.scselfservice.org and select "Civil."

*CASE MANAGEMENT CONFERENCE (CMC):*  You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC.  You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

*You or your attorney must appear at the CMC.  You may ask to appear by telephone – see Local Civil Rule 8.*

---

Your Case Management Judge is:  **Hon. Thomas E. Kuhnle** _____   Department: ___**5**___

The 1st CMC is scheduled for:  (Completed by Clerk of Court)

Date: **09/08/2017** _____   Time: **10:00 am** _____ in Department ___**5**___

The next CMC is scheduled for: (Completed by party if the 1st CMC was continued or has passed)

Date: _____   Time: _____ in Department _____

---

*ALTERNATIVE DISPUTE RESOLUTION (ADR):*  If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference.  Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

*WARNING:* Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

# SANTA CLARA COUNTY SUPERIOR COURT
# ALTERNATIVE DISPUTE RESOLUTION
# INFORMATION SHEET

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

### What is ADR?
ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

### What are the advantages of choosing ADR instead of litigation?
ADR can have a number of advantages over litigation:

- **ADR can save time.** A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

- **ADR can save money.** Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

- **ADR provides more participation.** Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

- **ADR provides more control and flexibility.** Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

- **ADR can reduce stress.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

### What are the main forms of ADR offered by the Court?
**Mediation** is an informal, confidential, flexible and non-binding process in the mediator helps the parties to understand the interests of everyone involved, and their practical and legal choices. The mediator helps the parties to communicate better, explore legal and practical settlement options, and reach an acceptable solution of the problem. The mediator does not decide the solution to the dispute; the parties do.

Mediation may be appropriate when:
- The parties want a non-adversary procedure
- The parties have a continuing business or personal relationship
- Communication problems are interfering with a resolution
- There is an emotional element involved
- The parties are interested in an injunction, consent decree, or other form of equitable relief

**Neutral evaluation**, sometimes called "Early Neutral Evaluation" or "ENE", is an informal process in which the evaluator, an experienced neutral lawyer, hears a compact presentation of both sides of the case, gives a non-binding assessment of the strengths and weaknesses on each side, and predicts the likely outcome. The evaluator can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
- The parties are far apart in their view of the law or value of the case
- The case involves a technical issue in which the evaluator has expertise
- Case planning assistance would be helpful and would save legal fees and costs
- The parties are interested in an injunction, consent decree, or other form of equitable relief

-over-

**Arbitration** is a less formal process than a trial, with no jury. The arbitrator hears the evidence and arguments of the parties and then makes a written decision. The parties can agree to binding or non-binding arbitration. In binding arbitration, the arbitrator's decision is final and completely resolves the case, without the opportunity for appeal. In non-binding arbitration, the arbitrator's decision could resolve the case, without the opportunity for appeal, unless a party timely rejects the arbitrator's decision within 30 days and requests a trial. Private arbitrators are allowed to charge for their time.

Arbitration may be appropriate when:

- The action is for personal injury, property damage, or breach of contract
- Only monetary damages are sought
- Witness testimony, under oath, needs to be evaluated
- An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

**Civil Judge ADR** allows parties to have a mediation or settlement conference with an experienced judge of the Superior Court. Mediation is an informal, confidential, flexible and non-binding process in which the judge helps the parties to understand the interests of everyone involved, and their practical and legal choices. A settlement conference is an informal process in which the judge meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations. The request for mediation or settlement conference may be made promptly by stipulation (agreement) upon the filing of the Civil complaint and the answer. There is no charge for this service.

Civil Judge ADR may be appropriate when:

- The parties have complex facts to review
- The case involves multiple parties and problems
- The courthouse surroundings would be helpful to the settlement process

**Special masters and referees** are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.
Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

**Settlement conferences** are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.
Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

*What kind of disputes can be resolved by ADR?*
Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; collections; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; fraud; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; sports; trade secret; and wrongful death, among other matters.

*Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, information about ADR procedures, or answers to other questions about ADR?*

*Contact:*

Santa Clara County Superior Court
ADR Administrator
408-882-2530

Santa Clara County DRPA Coordinator
408-792-2784

**ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET
CIVIL DIVISION**

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 10100 Santa Monica Boulevard, Twenty-Third Floor, Los Angeles, California 90067-4008.

On June 16, 2017, I served a true copy of the foregoing document Entitled **DEFENDANTS THE HAAGEN-DAZS SHOPPE COMPANY, INC., NESTLE DREYER'S ICE CREAM COMPANY, AND NESTLE USA, INC.'S NOTICE OF REMOVAL** on the interested parties in this action as follows:

Michael J. Jaurigue
JAURIGUE LAW GROUP
114 North Brand Boulevard
Suite 200
Glendale, California 91203
Tel (818) 630-7280
Fax: (888) 879-1697
michael@jlglawyers.com

☒    **BY MAIL:** I enclosed the document in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Kelley Drye & Warren LLP's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☒    **FEDERAL:** I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 16, 2017, at Los Angeles, California.

_Carla K. Rossi_
Carla K. Rossi

732860