United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MELANIE G. SAN PEDRO-SALCEDO,<br><br>Plaintiff,<br><br>v.<br><br>THE HAAGEN-DAZS SHOPPE COMPANY, INC., et al.,<br><br>Defendants. | Case No. 5:17-cv-03504-EJD<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS OR IN THE ALTERNATIVE TO STAY ACTION**<br><br>Re: Dkt. No. 14 |

## I. INTRODUCTION

This is a purported class action suit for violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA") predicated upon Plaintiff Melanie G. San Pedro Salcedo's receipt of a text message for which she did not give prior written consent which stated: "Thank you for joining Häagen-Dazs Rewards! Download our app here:." See Complaint, ¶14. Defendants Häagen-Dazs Shoppe Company, Inc., Nestlé Dreyer's Ice Cream Company, and Nestlé USA, Inc. (collectively "Defendants") move to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6), Fed.R.Civ.P., or in the alternative, to stay the action pending the decision of the D.C. Circuit Court of Appeals in ACA International v. FCC, et al., No. 15-1211. For the reasons set forth below, Defendants' motion to dismiss or in the alternative to stay action is DENIED.

## II. BACKGROUND

In April of 2017, Plaintiff visited a Häagen-Dazs store in San Jose, California. See

CASE NO.: 5:17-CV-03504-EJD
**ORDER DENYING DEFENDANTS' MOTION TO DISMISS OR IN THE ALTERNATIVE TO STAY ACTION**

Complaint, ¶13. The Häagen-Dazs cashier orally asked Plaintiff if she would like to enroll in a rewards program for discounts on future purchases. Id. The cashier asked for Plaintiff's telephone number, which Plaintiff provided orally. Id. The same day, Plaintiff received a text message from Defendants on her cellular telephone stating: "Thank you for joining Häagen-Dazs Rewards! Download our app here:." Id. at ¶14. The "app" can be used to locate Häagen-Dazs stores, to place orders online, and to get offers and coupons. Id. at ¶15. Plaintiff alleges on information and belief that her cellular-telephone number was entered into a database and that Defendants used equipment capable of storing and/or producing telephone numbers and capable of dialing such numbers to send the text to her. Id. at ¶20.

Plaintiff alleges that the text constitutes a telemarketing or advertising message sent without prior express written consent, and therefore it violates the TCPA. Plaintiff seeks to represent a class comprised of "[a]ll persons throughout the United States who, since October 16, 2013, received at least one text message from Defendants on their cellular telephones." Plaintiff seeks $500 in statutory damages for each text message the class received, treble damages for Defendants' alleged willful and knowing violation of the TCPA, injunctive relief, and interest, attorney's fees and costs of suit, to the extent allowable by law.

### III. STANDARDS

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of claims alleged in the complaint. Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). When deciding whether to grant a motion to dismiss, the court must generally accept as true all "well-pleaded factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009). The court must also construe the alleged facts in the light most favorable to the plaintiff. See Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am., 768 F.3d 938, 945 (9th Cir. 2014) (providing the court must "draw all reasonable inferences in favor of the nonmoving party" for a Rule 12(b)(6) motion). Dismissal "is proper only where there is no cognizable legal theory or an

absence of sufficient facts alleged to support a cognizable legal theory." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).

IV. DISCUSSION

Section 227(b)(1)(A)(iii) of the TCPA makes it unlawful to "make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . (iii) to any telephone number assigned to a . . . cellular telephone . . . ." 47 U.S.C. §227(b)(1)(A)(iii). The level of consent required to remove a call from the scope of Section 227(b)(1)(A)(iii) depends on the character of the call. Daniel v. Five Stars Loyalty, Inc., No. 15-cv-3546-WHO, 2015 WL 7454260, at *3 (N.D. Cal. Nov. 24, 2015). A text or call that "includes or introduces an advertisement or constitutes telemarketing" may be sent with the recipients "prior express written consent." 47 C.F.R. §64.1200(a)(2) (2013). In contrast, a text or call that does not include or introduce an advertisement or constitute telemarketing may be sent with "prior express consent." 47 C.F.R. §64.1200(a)(1) (2013).

The central issue in this case is whether the text "includes or introduces an advertisement or constitutes telemarketing." If the text "includes or introduces an advertisement or constitutes telemarketing," and was sent using any automatic telephone dialing system ("ATDS"), Plaintiff has adequately alleged a violation of the TCPA.

A. Allegations re Advertising or Telemarketing

The TCPA regulations define "advertisement" as "any material advertising the commercial availability or quality of any product, goods, or services" and "telemarketing" as "the initiation of a . . . message for the purpose of encouraging the purchase or rental of, or investment in, property, goods or services . . . ." 47 C.F.R. §64.1200(f)(1) and (12). Defendants contend that the text is not advertising or telemarketing because it does not encourage Plaintiff to purchase property, goods or services. Plaintiff argues that the text advertises the commercial availability of a service,

CASE NO.: 5:17-CV-03504-EJD
**ORDER DENYING DEFENDANTS' MOTION TO DISMISS OR IN THE ALTERNATIVE TO STAY ACTION**

3

namely Defendants' app, and therefore the text constitutes advertising within the meaning of the TCPA. Plaintiff reasons that the app itself is one of Defendants' products, and that by explicitly including a link to download that app, they are advertising the app's commercial availability.

In Five Stars, the plaintiff received a similar text after speaking to a cashier about defendant's rewards program and providing his telephone number: "Welcome to Five Stars, the rewards program of Flame Broiler. Reply with your email to finish registering and get free pts! Txt STOP to unsubscribe." Id. at *1. The Five Stars court held that the text did not include or introduce an advertisement and did not constitute telemarketing. Id. at *5. Similarly, in Aderhold v. Car2go N.S., LLC, No. 13-cv-00489, 2014 WL 794802, at *1 (W.D. Wash. Feb. 27, 2014), the plaintiff received a text from Car2go, a car-sharing service stating: "Please enter your car2go activation code 145858 into the emailed link. We look forward to welcoming you to car2go." The Car2go court found that the text was sent for the limited purpose of permitting plaintiff to complete his registration, and therefore did not violate the TCPA.

Unlike Five Stars, the text at issue does not instruct Plaintiff to take any action to "finish registering." Instead, the text reads, "[t]hank you for joining Häagen-Dazs Rewards!," which suggests that Plaintiff had already joined Häagen-Dazs Rewards before Defendants sent the text. The text in Car2go instructed the recipient to use the link to complete registration, and is therefore also distinguishable from the text Plaintiff received from Defendants. If the registration for Häagen-Dazs Rewards was completed before the receipt of the text and without the need to download Defendants' app, then Defendants' message to "Download our app here," arguably constitutes an advertisement for the commercial availability of Defendants' app. Construing the alleged facts in the light most favorable to Plaintiff, the Court finds Plaintiff's allegations sufficient at the pleading stage.

B. Allegations re ATDS

Plaintiff alleges on information and belief that her cellular-telephone number was entered

CASE NO.: 5:17-CV-03504-EJD
**ORDER DENYING DEFENDANTS' MOTION TO DISMISS OR IN THE ALTERNATIVE TO STAY ACTION**

4

1  into a database and that Defendants used equipment capable of storing and/or producing telephone

2  numbers and capable of dialing such numbers to send the text to her. Id. at ¶20. These allegations

3  are sufficient at the pleading stage given the content of the message and the context in which it

4  was received. But c.f. Priester v. eDegreeAdvisor, LLC, No. 15-cv-04218, 2017 WL 4237008

5  (N.D. Cal. Sept. 25, 2017) (generically alleging use of ATDS by defendant in a manner that

6  parrots statutory language insufficient to support TCPA claim because telephone calls at issue

7  could have just as easily been placed manually).

### C. Motion to Stay

"A District Court has 'broad discretion to stay proceedings as an incident to its power to control its own docket.'" Brickman v. Facebook, Inc., No. 16-cv-00751, 2017 WL 1508719, at *4 (N.D. Cal. Apr. 27, 2017) (citing Clinton v. Jones, 520 U.S. 681, 706-07 (1997)). When considering whether to grant a stay of proceedings, courts must consider three factors: (1) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay"; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the possible damage which may result from granting a stay. Id.

Defendants seek a stay pending the D.C. Circuit's ruling in ACA International where the definition of an ATDS is at issue. Defendants urge this court to follow the lead of numerous district courts, including courts in the Northern District of California, that have entered stays pending disposition of ACA International. This Court, however, disagrees that a stay is justified. Without knowing what type of technology Defendants used to send Plaintiff the text, it is unclear whether the decision in ACA International will be dispositive of this case or even narrow the issues. Furthermore, regardless of the outcome of ACA International, it is likely that Defendants will be required to produce discovery to settle any factual disputes regarding their technology. See Glick v. Performant Financial Corp., No. 16-cv-5461, 2017 WL 786293, at *2 (N.D. Cal. Feb. 27,

2017) (citing <u>Lathrop v. Uber Techs., Inc.</u>, No. 14-cv-5678, 2016 WL 97511, at *4 (N.D. Cal. Jan. 8, 2016) ("[A]lthough the decision in <u>ACA International</u> may vacate portions of the 2015 FCC Order, discovery in this case will be required regardless of the outcome in that one."). In addition, although a decision from the D.C. Circuit may be issued shortly, there may be further appeals. It is impossible to forecast when a final, binding decision in <u>ACA International</u> will be rendered. In the meantime, delaying this case would prejudice Plaintiff. The passage of time will make it more difficult to reach class members and will increase the likelihood that evidence will dissipate. In contrast, Defendants have not established that they will suffer hardship or inequity if required to proceed with this litigation. "[B]eing required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity'. . . ." <u>Glick</u>, at *2 (quoting <u>Lockyer v. Mirant Corp.</u>, 398 F.3d 1098, 1112 (9th Cir. 2005)).

## V. CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss or in the alternative to stay the action is DENIED.

**IT IS SO ORDERED.**

Dated: October 11, 2017

_____
EDWARD J. DAVILA
United States District Judge

CASE NO.: 5:17-CV-03504-EJD
**ORDER DENYING DEFENDANTS' MOTION TO DISMISS OR IN THE ALTERNATIVE TO STAY ACTION**