UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MELANIE G. SAN PEDRO-SALCEDO,<br><br>Plaintiff,<br><br>v.<br><br>THE HAAGEN-DAZS SHOPPE COMPANY, INC.,<br><br>Defendant. | Case No. 5:17-cv-03504-EJD<br><br>**ORDER RE MOTIONS TO FILE UNDER SEAL**<br><br>Re: Dkt. Nos. 92, 99, 104, 111, 117, 118, 119, 121, 123, 124, 127, 128 |

The parties have filed numerous administrative motions to file under seal in connection with Plaintiff's motion for class certification and Defendant's motion for summary judgment. The order addresses these motions.

U.S. courts recognize that the public has "a general right to inspect and copy public records and documents, including judicial records and documents." *Whitewater W. Indus., Ltd. v. Pac. Surf Designs, Inc.*, 2019 WL 1590470, at *1 (S.D. Cal. Apr. 12, 2019) (quoting *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978)). "When considering a sealing request, 'a strong presumption in favor of access is the starting point.'" *Space Data Corp. v. Alphabet Inc.*, 2019 WL 2305278, at *1 (N.D. Cal. May 30, 2019) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). This right is not absolute though. *Whitewater W. Indus.*, 2019 WL 1590470, at *1 (quoting *Nixon*, 434 U.S. at 598). In order to seal judicial records that are "more than tangentially related to the underlying cause of action," the moving party must show "compelling reasons" for maintaining confidentiality that outweigh the presumption in favor of disclosure. *Space Data*, 2019 WL 2305278, at *1 (citing *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016)). To make this showing, the moving party must provide "specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Opperman v. Path, Inc.*, 2017 WL 1036652, at *1 (N.D. Cal. Mar. 17, 2017). Courts applying the compelling reasons standard have upheld the sealing of trade secrets,

Case No.: 5:17-cv-03504-EJD
ORDER RE MOTIONS TO FILE UNDER SEAL

1

marketing strategies, product development plans, detailed product-specific financial information, customer information, internal reports and other such materials that could harm a party's competitive standing. *See, e.g.*, *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008); *Opperman*, 2017 WL 1036652; *Lucas v. Breg, Inc.*, 2016 WL 5464549, at *1 (S.D. Cal. Sept. 28, 2016); *Rodman v. Safeway Inc.*, 2015 WL 13673842 (N.D. Cal. Aug. 4, 2015).

However, courts should exercise caution not allow these exceptions swallow the strong presumption in favor of disclosure. "There fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Lucas*, 2016 WL 5464549, at *1 (S.D. Cal. Sept. 28, 2016) (quoting *Kamakana*, 447 F.3d at 1179). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not carry the compelling standards burden. *Space Data*, 2019 WL 2305278, at *1 (quoting *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992)). Mere designation of a document as confidential under a protective order is not sufficient to establish that said document, or portions thereof, are sealable. Civil L.R. 79-5(d)(1)(A).

It is well established among District Courts in this Circuit that motions for class certification are more than tangentially related to the underlying merits of a case and are therefore subject to the compelling reasons standard to file under seal. *See, e.g.*, *Waldrup v. Countrywide Fin. Corp.*, 2018 WL 4586188, at *4 (C.D. Cal. Sept. 17, 2018); *Opperman*, 2017 WL 1036652, at *3; *Cohen v. Trump*, 2016 WL 3036302, at *3 (S.D. Cal. May 27, 2016). Motions for summary judgment are also more than tangentially related to the merits of a lawsuit. The court will apply the compelling reasons standard to all of the instant motions to seal.

A. <u>Administrative Motions to File Under Seal Plaintiff's Motion for Class Certification. Dkt. Nos. 119, 121, 127.</u>

| Document | Portions Requested Sealed | The Court's Ruling |
|---|---|---|
| Plaintiff's Motion for Class Certification | 4:19-21; 5:1-12; 5:15-17; 5:23-24; 5:26-27; 6:1-3; 10:25-11:2; 17:23-24; 14:15-18. | Denied. The court finds Defendant has not met the compelling reasons standard. In addition, the material largely concerns |

Case No.: 5:17-cv-03504-EJD
ORDER RE MOTIONS TO FILE UNDER SEAL
2

| Document | Portions Requested Sealed | The Court's Ruling |
|---|---|---|
| | | Defendant's communications to the public and is therefore not subject to sealing. |
| Exhibit 3 to the Declaration of Michael Jaurigue | Its entirety. | Denied. The court finds Defendant has not met the compelling reasons standard. In addition, the material largely concerns Defendant's communications to the public and is therefore not subject to sealing. |
| Exhibit 4 to the Declaration of Michael Jaurigue | Its entirety. | Denied. The court finds Defendant has not met the compelling reasons standard. In addition, the material largely concerns Defendant's communications to the public and is therefore not subject to sealing. Moreover, the request is not narrowly tailored. |

B. <u>Administrative Motions to File Under Seal Defendant's Opposition to Class Certification. Dkt. Nos. 117, 118.</u>

| Document | Portions Requested Sealed | The Court's Ruling |
|---|---|---|
| Defendants The Häagen-Dazs Shoppe Company, Inc., Nestlé Dreyer's Ice Cream Company, and Nestlé USA, Inc.'s Opposition to Plaintiff's Motion for Class Certification | Lines 1:17-20, 1:22-24, 4:12-15, and 4:16-18. | Denied. The court finds Defendant has not met the compelling reasons standard. In addition, the material largely concerns Defendant's communications to the public and is therefore not subject to sealing. |
| Declaration of Jennifer McLean in Support of Defendants' Opposition to Plaintiff's Motion for Class Certification | Lines 3:21-28, 4:2-5, 4:7-9, and 4:12-20. | Granted as to ¶ 15; otherwise denied. The court finds Defendant has not met the compelling reasons standard. |
| Exhibit A to the Declaration of Jennifer McLean in Support of Defendants' Opposition to Plaintiff's Motion for Class Certification | In its entirety. | Granted. |
| Exhibit B to the Declaration of | In its entirety. | Denied. The court finds |

| Document | Portions Requested Sealed | The Court's Ruling |
|---|---|---|
| Jennifer McLean in Support of Defendants' Opposition to Plaintiff's Motion for Class Certification | | Defendant has not met the compelling reasons standard |
| Declaration of Matthew Bishop in Support of Defendants' Opposition to Plaintiff's Motion for Class Certification | Lines 3:21-24, 3:26-4:1, and 4:7-15. | Granted as to ¶ 11, otherwise denied. The court finds Defendant has not met the compelling reasons standard. In addition, the material largely concerns Defendant's communications to the public and is therefore not subject to sealing. |
| Exhibit A to the Declaration of Matthew Bishop in Support of Defendants' Opposition to Plaintiff's Motion for Class Certification | In its entirety. | Granted. |
| Exhibit B to the Declaration of Matthew Bishop in Support of Defendants' Opposition to Plaintiff's Motion for Class Certification | In its entirety. | Denied. The court finds Defendant has not met the compelling reasons standard |
| Exhibit C to the Declaration of Matthew Bishop in Support of Defendants' Opposition to Plaintiff's Motion for Class Certification | In its entirety. | Denied. The court finds Defendant has not met the compelling reasons standard. In addition, the material largely concerns Defendant's communications to the public and is therefore not subject to sealing. |

C. <u>Administrative Motions to File Under Seal Plaintiff's Reply in Support of Class Certification. Dkr. Nos. 123, 124, 128</u>

| Document | Portions Requested Sealed | The Court's Ruling |
|---|---|---|
| Plaintiff's Reply in Support of Her Motion for Class Certification | 7:11-13; 14:4-8. | Denied. The court finds Defendant has not met the compelling reasons standard. In addition, the material largely concerns Defendant's communications to the public and is therefore not subject to sealing. |

Case No.: 5:17-cv-03504-EJD
ORDER RE MOTIONS TO FILE UNDER SEAL

D. Defendant's Administrative Motion to File Under Seal Defendant's Motion for Summary Judgment. Dkt. No. 92.

This motion does not comply with the civil local rules for the reasons expressed in the court's previous order denying without prejudice motions to file under seal. The motion is denied without prejudice. Within seven days of this order, Defendant may re-file a compliant motion to file under seal. In the renewed motion to file under seal, Defendant shall not seek to seal any material as to which the court has already denied a motion to file under seal.

E. Administrative Motions to File Under Seal Plaintiff's Opposition to Summary Judgment. Dkt. Nos. 99, 104

These motions do not comply with the civil local rules for the reasons expressed in the court's previous order denying without prejudice motions to file under seal. The motions are denied without prejudice. Within seven days of this order, the parties may re-file *one joint* motion to file under seal that is supported by a declaration from the designating party (or parties). In the renewed joint motion to file under seal, the parties shall not seek to seal any material as to which the court has already denied a motion to file under seal.

F. Defendant's Administrative Motion to File Under Seal Defendant's Reply Separate Statement and Exhibits Dkt. No. 111.

This motion does not comply with the civil local rules for the reasons expressed in the court's previous order denying without prejudice motions to file under seal. The motion is denied without prejudice. Within seven days of this order, Defendant may re-file a compliant motion to file under seal. In the renewed motion to file under seal, Defendant shall not seek to seal any material as to which the court has already denied a motion to file under seal.

**IT IS SO ORDERED.**

Dated: November 20, 2019

_____
EDWARD J. DAVILA
United States District Judge

Case No.: 5:17-cv-03504-EJD
ORDER RE MOTIONS TO FILE UNDER SEAL
5