United States District Court
Northern District of California

| | |
|---|---|
| 1 | UNITED STATES DISTRICT COURT |
| 2 | NORTHERN DISTRICT OF CALIFORNIA |
| 3 | SAN JOSE DIVISION |

MELANIE G. SAN PEDRO-SALCEDO,

   Plaintiff,

v.

THE HÄAGEN-DAZS SHOPPE COMPANY, INC.,

   Defendant.

Case No. 5:17-cv-03504-EJD

**ORDER DENYING MOTION FOR CLASS CERTIFICATION; DENYING MOTION TO STRIKE**

Re: Dkt. Nos. 57, 85

While patronizing one of Defendant Häagen-Dazs Shoppe Company, Inc.'s locations, the cashier asked Plaintiff Melanie San Pedro-Salcedo if she would like to join its Reward Program, and then asked for her phone number. San Pedro-Salcedo provided her phone number, and Häagen-Dazs, through a third-party, then sent her a text message that provided a link to down load its mobile application (the "App"). The cashier apparently violated Häagen-Dazs's policy and deviated from its official script by not advising San Pedro-Salcedo that she would receive the text message with the link to the App. San Pedro-Salcedo does not allege that Häagen-Dazs has used her phone number for any other communications. She now moves to certify a class of over half a million customers who received this text message (or a nearly identical one) on the grounds that the text message violated the Telephone Consumer Protection Act ("TCPA"). She is the only person to have complained of the text message.

The class she seeks to certify is "All persons in the United States who, since October 16, 2013 (or such date when the texting aspect of the customer Reward Program commenced), received at least one text message from Defendants, or persons working on their behalf, on their cellular telephones." Dkt. No. 57-1. Häagen-Dazs has moved to strike San Pedro-Salcedo's expert reports and the portions of her reply that rely on those expert reports. The court has considered the parties' papers, and found that, pursuant to Local Rule 7-1(b), both motions are

Case No.: 5:17-cv-03504-EJD
ORDER DENYING MOTION FOR CLASS CERTIFICATION; DENYING MOTION TO STRIKE

1

suitable for decision without oral argument. The court denies both motions.

I. Factual Background

In April 2017, San Pedro-Salcedo visited a Häagen-Dazs store in a San Jose mall. Compl. ¶ 13. The cashier asked if she wanted to join the Häagen-Dazs Reward Program. *Id.* The cashier then verbally asked for her telephone number, which she provided. *Id.* No more than 15 minutes later, she received a text message that read: "Thank you for joining Häagen-Dazs Rewards! Download our App here" and provided a link to download the App. *Id.* ¶ 14; Boykins Ex. A at 68:4-6. The App allowed consumers to track points they acquire, to find Haggen-Dazs locations, and to see coupons and offers. Jaurigue Ex. 3 at 51:25-52:7. Shortly after receiving the text message—while still at the mall where the Häagen-Dazs was located—she called her husband and discussed the text message. Boykins Ex. A at 68:16-69:17. Her husband recommended that she contact his close friend Michael Jaurigue—a lawyer—to discuss the text message. *Id.* She reached out to Jaurigue that same day. *Id.* at 76:25-77:4. Jaurigue represents San Pedro-Salcedo in this action.

Häagen-Dazs had a companywide policy for enrolling customers in the Reward Program. *Id.* at 109:15-110:12. Cashiers were trained to say the following to customers: "Would you like to enroll in our Reward Program and receive points towards a free reward on your next visit? All I need is your phone number and then you will receive a text message to download our mobile application and start earning rewards today." McLean Decl. ¶ 14. If the customer provided their phone number, the cashier would say, "You will receive a text message in just a second to download our Häagen-Dazs App so you can keep track of your points and get special offers including a free frozen treat. Thanks and have a great day!" *Id.* Cashiers did not ask for the customers' written consent. Jaurigue Ex. 3 at 112:11-113:25. Importantly for this motion, San Pedro-Salcedo testified that the cashier did not notify her that she would receive any text message. Boykins Ex. A at 27:9-10. She testified that had she been notified about the text message, she would not have brought this suit. *Id.* at 27:9-19.

Case No.: 5:17-cv-03504-EJD
ORDER DENYING MOTION FOR CLASS CERTIFICATION; DENYING MOTION TO STRIKE

2

Häagen-Dazs worked with a company called iMobile3 to design and administer the Reward Program. *Id.* ¶¶ 4-6, 9. When a customer gave their phone number to a cashier, the cashier entered the number into iMobile3's PassMarket platform. *Id.* ¶ 17. The platform used the telephony company Twilio, Inc. to send a single, on-demand text message to the customer. Bishop Decl. ¶¶ 13-14. All of the text messages sent were materially identical to the one San Pedro-Salcedo received. Jaurigue Ex. 3 at 43:5-2.

iMobile3 also sent text messages on behalf of Häagen-Dazs to people who (a) forget their password to the App, so they receive a password reset or (b) download the App in an App store and then receive a verification code via text message. Bishop Decl. ¶ 17. In response to a subpoena from San Pedro-Salcedo, iMobile3 produced a list of all the telephone numbers to which it has sent text messages and the content of those text messages. Jaurigue Decl. ¶¶ 4-5; *see* Jaurigue Ex. 2. Because Häagen-Dazs sent the nearly same text message to customers who gave their phone numbers to cashiers, San Pedro-Salcedo's counsel was able to filter out text messages sent by cashiers from the two other sorts of text messages and from text messages associated with other iMobile3 clients. Jaurigue Decl. ¶ 5. The result was 517,391 text messages with nearly the same content as the message that San Pedro-Salcedo received. *Id.*

This lawsuit is the only complaint about the text messages that Häagen-Dazs has received. McLean Decl. ¶ 27. Häagen-Dazs has stopped sending the text messages. Jaurigue Ex. 3 at 23:20-24:1.

II. Procedural History

San Pedro-Salcedo filed this lawsuit against Häagen-Dazs and two other defendants in the Superior Court for Santa Clara County on May 18, 2017. Dkt. No. 1. Häagen-Dazs timely removed the case to this court. *Id.* The parties later stipulated to dismiss the other two defendants. Dkt. Nos. 105, 106. On October 24, 2017, the court issued a case management schedule setting June 29, 2018 as the deadline for the designation of experts in support of or opposed to class certification, August 31, 2019 as the deadline to designate rebuttal expert witnesses for class

Case No.: 5:17-cv-03504-EJD
ORDER DENYING MOTION FOR CLASS CERTIFICATION; DENYING MOTION TO STRIKE
3

certification, and September 13, 2019 as the deadline for Plaintiff's class certification motion. Dkt. No. 32. The deadline for expert reports for trial was May 31, 2019, with rebuttal reports due on June 28, 2019. *Id.* On August 7, 2018, the parties stipulated to extend the deadline to file the class certification motion and set a briefing schedule. Dkt. No. 48. The stipulation said nothing about expert witnesses on class certification issues. *Id.* On October 17, 2018, the parties again stipulated to extend the briefing deadlines for class certification. Dkt. No. 55. This stipulation provided that Häagen-Dazs could disclose an expert report concurrently with its opposition brief; it did not provide for San Pedro-Salcedo to disclose an expert report or designate any expert witnesses for class certification. *Id.* at 3.

San Pedro-Salcedo filed her motion for class certification without any expert reports on February 8, 2019. Häagen-Dazs filed its opposition with an attached expert report on April 5, 2019. On May 31, 2019—one week before her reply was due—San Pedro-Salcedo informed Häagen-Dazs that she intended to rely on expert reports in support of class certification. That day, she served Jeffrey Hansen's report. On June 10, 2019 she filed her reply in support of class certification and attached a second expert report from Lisa Mullins. On June 20, 2019, Häagen-Dazs filed the instant motion to strike. On August 20, 2019, the court granted leave for both parties to file supplemental briefing regarding a recently decided case. Dkt. No 103.

III. San Pedro-Salcedo's Motion for Class Certification

San Pedro-Salcedo has brought one claim under the TCPA based on the text message. Compl. ¶¶ 29-34. The TCPA prohibits "mak[ing] any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system ["ATDS"] or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service . . . ." 47 U.S.C. § 227(b)(1)(A)(iii). A call that "includes or introduces an advertisement or constitutes telemarketing" may be sent only with the recipient's "prior express written consent." 47 C.F.R. § 64.1200(a)(2). A call that does not include an advertisement or constitute telemarketing requires only "prior express consent." *Id.* §

Case No.: 5:17-cv-03504-EJD
ORDER DENYING MOTION FOR CLASS CERTIFICATION; DENYING MOTION TO STRIKE

4

64.1200(a)(1). She contends that the text message she received was an advertisement or constituted telemarketing under TCPA, that it was sent by an ATDS, and that the cashier did not obtain her written consent before sending the text message. She now seeks to certify a class of similarly situated individuals.

"A representative plaintiff may sue on behalf of a class when the plaintiff affirmatively demonstrates the proposed class meets the four threshold requirements of Federal Rule of Civil Procedure 23(a): numerosity, commonality, typicality, and adequacy of representation." *Sali v. Corona Reg'l Med. Ctr.*, 909 F.3d 996, 1002 (9th Cir. 2018), *cert. dismissed*, 139 S. Ct. 1651, 203 L. Ed. 2d 921 (2019) (citations omitted). And where, as here, the suit is brought under Rule 23(b)(3), the plaintiff must also demonstrate that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." *Id.* (citation omitted). "Rule 23 does not set forth a mere pleading standard." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Indeed, the plaintiff "must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." *Id.* (original emphasis). "[C]ertification is proper only if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." *Id.* at 350-51 (citations and quotations omitted). "[T]he class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Id.* at 351 (citations and quotations omitted). Because the court finds that San Pedro-Salcedo individually cannot meet the requirements for—at minimum—typicality and adequacy of representation, the court denies the Motion for Class Certification. The court does not consider the other requirements of Rule 23.

a. Typicality

Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." "The test of typicality is whether other members have the

same or similar injury, whether the action is based on conduct which is not unique to the named plaintiff[], and whether other class members have been injured by the same course of conduct." *Wolin v. Jaguar Land Rover N. Am.*, LLC, 617 F.3d 1168, 1175 (9th Cir. 2010) (quotations omitted). San Pedro-Salcedo contends that her claims are typical of the claims of the class because both she and the class members received the alleged advertisement as a text message and, like San Pedro Salcedo, none of the class members, per Häagen-Dazs's policy, were asked to provide written consent. Häagen-Dazs argues that San Pedro-Salcedo's experience is not typical of the class members because the cashier did not inform her that she would receive a text message while asking for her phone number in violation of the policy to verbally inform customers of the text message. *See* Boykin Ex. A at 27:8-19; McLean Decl. ¶ 14. The court agrees with Häagen-Dazs.

The FCC has stated that "a one-time text message sent immediately after a consumer's request for the text does not violate the TCPA and [the Commission's] rules." *In the Matter of Rules & Regulations Implementing the TCPA*, 30 FCC Rcd. 7961, 8015 (2015) (set aside in part on other grounds by *ACA Int'l v. Fed. Commc'ns Comm'n*, 885 F.3d 687 (D.C. Cir. 2018)); *see also Reese v. Marketron Broad. Sols., Inc.*, 2018 WL 2117241 at *4 (E.D. La. 2018). Häagen-Dazs has introduced specific evidence that its cashiers were trained to request customers' phone numbers by saying, "[a]ll I need is your phone number and then you will receive a text message to download our mobile application and start earning rewards today." McLean Decl. ¶ 14. That evidence indicates that most customers consented to the one-time text message with the link to download the App. San Pedro-Salcedo testified that her experience differed in a critical way: she was not advised that she would receive the text message. But, she has offered no evidence that her experience was typical for the class. That difference is key. Häagen-Dazs would be able raise the FCC rules as a defense against the class members with the FCC regulations and the cases cited above, but that defense would not apply to San Pedro-Salcedo. San Pedro-Salcedo and the absent class members are subject to differing "defenses which threaten to become the focus of the

Case No.: 5:17-cv-03504-EJD
ORDER DENYING MOTION FOR CLASS CERTIFICATION; DENYING MOTION TO STRIKE

6

litigation," making class certification inappropriate. *See Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). She has failed to show that "the action is based on conduct which is not unique to" her. *Wolin*, 617 F.3d at 1175.

The parties also discuss this issue in connection with the Rule 23(b)(3) predominance analysis. The court does not address that question now, but the court notes that San Pedro-Salcedo's argument that Häagen-Dazs should be required to submit affidavits from class members is not persuasive. Notwithstanding San Pedro-Salcedo's testimony regarding her individual experience, Häagen-Dazs has submitted sufficient evidence that its cashiers were trained to advise customers of the text message. McLean Decl. ¶ 14. "[T]here is nothing vague" about Häagen-Dazs's argument or evidence. *See Legg v. PTZ Insurance Agency, Ltd.*, 321 F.R.D. 572 (N.D. Ill. 2017). San Pedro-Salcedo's citation to Reward Program promotional material in which Häagen-Dazs represents that it "only use[s] your phone number to track purchases, it will not be shared with third parties or used for telemarketing purposes" does not conflict Häagen-Dazs's argument that its cashiers were trained to advise customers that they would receive a text message. Greenstone Ex. 5. Sending customers a one-time, warned-of text message is consistent with not using their phones numbers "for telemarketing purchases." San Pedro-Salcedo bears the burden on this motion, and she has not shown that her experience and claim is typical of that of the class. The court finds that San Pedro-Salcedo cannot satisfy the requirements of Rule 23(a)(3).

   b. <u>Adequacy of Representation</u>

Rule 23(a)(4) states that the named plaintiff must "fairly and adequately protect the interests of the class." "[A] representative meets this standard if he (1) has no conflicts of interest with other class members, and (2) will prosecute the action vigorously on behalf of the class." *Backus v. ConAgra Foods, Inc.*, 2016 WL 7406505, at *5 (N.D. Cal. Dec. 22, 2016) (citation omitted). "[C]lass representatives serve as a guardian of the interests of the class." *In re Tableware Antitrust Litig.*, 241 F.R.D. 644, 649 (N.D. Cal. 2007). "This adequacy requirement satisfies due process concerns in that absent class members must be afforded adequate

Case No.: 5:17-cv-03504-EJD
ORDER DENYING MOTION FOR CLASS CERTIFICATION; DENYING MOTION TO STRIKE

7

representation before entry of a judgment which binds them." *Galas v. Lending Co.*, 2014 WL 4053406, at *7 (D. Ariz. Aug. 15, 2014) (quotation and citation omitted). "Class certification is properly denied for inadequacy of representation when the class representatives have so little knowledge of and involvement in the class action that they would be unable or unwilling to protect the interests of the class against the possibly competing interests of the attorneys." *Williams Corp. v. Kaiser Sand & Gravel Co.*, 146 F.R.D. 185, 187 (N.D. Cal. 1992) (quotation and citation omitted). The court finds that San Pedro-Salcedo is not an adequate representative of the class because her testimony indicates that she lacks a minimal, basic familiarity with her allegations and claims that is necessary to protect the interests of the absent class members. And when that lack of familiarity is coupled with her close personal relationship with her attorney, those issue raises serious concerns about her credibility and her ability to place the interests of the absent class members ahead of her attorney.

During her deposition, defense counsel asked her why she had filed this lawsuit. She answered that Häagen-Dazs had entered her phone number into a database that led to her receiving twelve unsolicited phones calls. Boykins Ex. A at 58:22-62:14. This lawsuit, she testified, is based on those twelve phone calls. *Id.* at 59:8-11; 62:11-14. Her testimony simply has no connection with her single cause of action, which is based *only* on the one text message concerning the App. She also testified that from her professional experience she understands what an ATDS is, and that she did not believe that Häagen-Dazs had used an ATDS to send her the text message. Boykins Ex. A at 65:13-67:21. She testified that she did not know that whether Häagen-Dazs used an ATDS to send the text message was significant to her case. *Id.* at 67:7-11. Whether Häagen-Dazs used an ATDS is an essential element of her claim, and, as the plaintiff, she carries the ultimate burden of affirmatively proving that Häagen-Dazs used an ATDS. Of course, whether Häagen-Dazs used an ATDS is a disputed question of law and fact in this matter, and while Rule 23 does not require named plaintiffs to possess a lawyer's understanding of their claims or to be an expert on the technical factual issues, San Pedro-Salcedo's testimony indicates

Case No.: 5:17-cv-03504-EJD
ORDER DENYING MOTION FOR CLASS CERTIFICATION; DENYING MOTION TO STRIKE

8

an distressing lack of understanding of or familiarity with her claim. Adequately representing the class requires a stronger understanding of the basics of this lawsuit. *See, e.g.*, *McPhail v. First Command Fin. Planning, Inc.*, 247 F.R.D. 598, 612 (S.D. Cal. 2007) (finding class representative inadequate where representative had "little to no supervisory role in the litigation and little knowledge of the underlying facts of the lawsuit." (citation and quotation omitted)); *In re Quarterdeck Office Sys., Inc. Sec. Litig.*, 1993 WL 623310, at *5 (C.D. Cal. Sept. 30, 1993) ("A plaintiff subject to unique defenses, especially as to his credibility and his demonstrated lack of familiarity with the suit, is an inadequate class representative." (citations omitted)); *Burkhalter Travel Agency v. MacFarms Int'l, Inc.*, 141 F.R.D. 144, 153 (N.D. Cal. 1991) ("a party who is not familiar with the basic elements of its claim is not. . . an adequate representative."). Granted, after a recess and under questioning from her attorney, she changed her testimony to accurately describe the allegations supporting her case. Boykins Ex. A at 83:15-84:12. But the court finds that her erroneous testimony as to the basic factual allegations of her claim and her belief that Häagen-Dazs's conduct did not meet an essential element of her claim show that she cannot adequately supervise the litigation or represent the class's interests. Her lack of knowledge of her factual allegations and legal claims disqualifies San Pedro-Salcedo from serving as class representative.

The personal friendship between her attorney, Jaurigue, and San Pedro-Salcedo and her husband further complicates her service as class representative. She testified that she and Jaurigue have known each other for at least 13 years, and that her husband has been friends with her lawyer since they were childhood friends and that her husband was groomsman at Jaurigue's wedding. *Id.* at 19:10-20:8. Shortly after receiving the text message, she spoke on the phone with her husband, who recommended that she contact Jaurigue. *Id.* at 68:16-69:17. She spoke with Jaurigue that day, and a month later filed this lawsuit. *Id.* at 76:25-77:4. The court finds that their personal relationship and her lack of familiarity with the lawsuit raise substantial concerns as to her credibility in representing the interests of the putative class. Courts have denied class

certification under similar facts. For example, in *Bohn v. Pharmavite, LLC*, the court found that the named plaintiff's inconsistent testimony combined with her friendship with her attorney raised sufficient concerns to deny certification. 2013 WL 4517895, at *4 (C.D. Cal. Aug. 7, 2013). San Pedro-Salcedo relies on *Kesler v. Ikea U.S., Inc.* to argue that her relationship with Jaurigue should not sway the court. 2008 WL 413268 (C.D. Cal. Feb. 4, 2008). There, unlike the facts here, the named plaintiff had a personal friendship with an attorney who worked at her counsel's law firm—her friend was not her counsel of record. *Id.* at *5.

The court finds that San Pedro-Salcedo is not an adequate representative of the absent class members.

IV. <u>Häagen-Dazs's Motion to Strike</u>

Häagen-Dazs moves to strike two expert reports that San Pedro-Salcedo filed as attachments to her reply in support of class certification. Because those expert reports were in no way material to the court's decision on the Motion for Class Certification, the court denies the Motion to Strike as moot

V. <u>Conclusion</u>

For the reasons discussed above, both motions are denied. In the parties' joint pretrial conference statement, which is due on January 2, 2020 (Dkt. No. 72), the parties shall address whether San Pedro-Salcedo will seek to continue this lawsuit in her individual capacity, whether any adjustments should be made to the case schedule, and whether the court should rule on Häagen-Dazs's summary judgment motion that is currently under submission. The court will not issue an order on that motion until hearing from parties.

**IT IS SO ORDERED.**

Dated: December 3, 2019

EDWARD J. DAVILA
United States District Judge

Case No.: 5:17-cv-03504-EJD
ORDER DENYING MOTION FOR CLASS CERTIFICATION; DENYING MOTION TO STRIKE
10